R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff,*
*Duffy Archive Limited*

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUFFY ARCHIVE LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>MP 36 WEST 10TH STREET LLC and DOES 1-10,<br><br>    Defendants. | Case No.: |

### COMPLAINT AND JURY DEMAND

Plaintiff Duffy Archive Limited, ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for its complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.    This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.

2.    Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff Duffy Archive Limited is a British private limited company with a principal place of business at Unit 9, Harts Barn, Monmouth Road, GL17 0QD, Longhope, England, United Kingdom.

4. Upon information and belief, defendant MP 36 West 10th Street LLC ("MP 36") is a domestic limited liability company organized and existing under the laws of New York, with a principal place of business at 36 West 10th Street, New York, NY 10011-8715.

5. Defendants Does 1 through 10 ("Doe Defendants" and together with MP 36 West 10th Street LLC, collectively, "Defendants") are currently unknown to Plaintiff and, as such, are identified in this action with fictitious names. Upon information and belief, each of the Doe Defendants are legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff. Plaintiff will seek leave of Court to amend this complaint to identify and include the actual names and capacities of the Doe Defendants after Plaintiff obtains such information.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

7. Personal jurisdiction over Defendants is proper. Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

8. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A. Plaintiff's Business**

9. Plaintiff owns and manages the photographic works of the world-renowned fashion photographer Brian Duffy, who first published fashion photography for *Harper's Bazaar* and later for *Elle*, *Glamour Magazine*, *Esquire*, *The Sunday Times* and others. Brian Duffy is also famous for his celebrity photography, which includes iconic images of many musicians and actors who sat for Duffy, including Sammy Davis Jr, Michael Caine, Tom Courtenay, Nina Simone, John Lennon, Sidney Poitier, Harold Wilson, Charlton Heston, Brigitte Bardot and David Bowie.

10. Brian Duffy is the author of the original work of photographic art that is the iconic David Bowie - Aladdin Sane image, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work")

11. Plaintiff owns the copyrights in and to the Copyrighted Work.

12. On June 12, 2009, Mr. Duffy obtained a registration with the United States Copyright Office for the Copyrighted Work, Registration Number VA 1-428-937, a copy of which is attached hereto as Exhibit B.

13. On or about May 21, 2010, Plaintiff acquired all rights to the Copyrighted Work.

14. Plaintiff owns all rights, title, and interests, including copyrights, in and to the Copyrighted Work.

B.   **Defendants' Unlawful Activities**

15.   Upon information and belief, MP 36 is a media company that owns a number of websites, including one located at the URL http://www.baeblemusic.com, where high quality photographic images, such as the Copyrighted Work belonging to Plaintiff, are used to draw internet users to visit and remain at its websites, thus profiting from advertising and other revenue that grows as viewership grows.

16.   Plaintiff has discovered that MP 36 has been infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

17.   Specifically, Plaintiff discovered the Copyrighted Works being reproduced, distributed, and publicly displayed at www.baeblemusic.com, screenshots of which are attached hereto as Exhibit C (the "Infringing Website").

18.   Upon information and belief, MP 36 or the Doe Defendants located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by MP 36 or the Doe Defendants and then uploaded the Copyrighted Work to the Infringing Website and then publicly displayed the Copyrighted Work, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

19.   Upon information and belief, MP 36 or the Doe Defendants are directly responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

20.   MP 36 or the Doe Defendants' reproduction, distribution, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

21.   MP 36 or the Doe Defendants unauthorized reproduction, distribution, and

public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

22. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24. Upon information and belief, as a result of Plaintiff's public display of the Copyrighted Works, MP 36 or the Doe Defendants had access to the Copyrighted Works prior to using it at the Infringing Website.

25. By its actions, as alleged above, MP 36 or the Doe Defendants has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

26. Upon information and belief, the infringement by MP 36 or the Doe Defendants is willful and deliberate and MP 36 has profited at the expense of Plaintiff.

27. As a direct and proximate result of MP 36 or the Doe Defendants infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from such uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

28. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of the profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

29. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

30. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

31. MP 36 or the Doe Defendants conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

32. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

33. As an alternative theory to its direct infringement claim, in the event MP 36 or the Doe Defendants contend the infringing conduct described above is done by another, MP 36 or the Doe Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

34. By the actions, as alleged above, MP 36 or the Doe Defendants foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

35. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendants have profited at the expense of Plaintiff.

36. As a direct and proximate result of MP 36 or the Doe Defendants contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

37. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

38. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

39. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

40. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

41. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

42. As an alternative theory to its infringement claims above, to the extent any of the Defendants contend they did not directly infringe or contributorily infringe Plaintiff's copyrights, Defendants each had the right or ability to control the direct infringement described above.

43. As a result of each Defendants' right or ability to supervise the direct infringement described above, Defendants could have prevented or stopped the direct infringement but did not take any action to do so.

44. Defendants each had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and each Defendant benefitted from that direct infringement.

45. As a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

46. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

47. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

48. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

49. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendants resulting from their reproduction, distribution or display of the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 9, 2018

Respectfully submitted,

By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Duffy Archive Limited*